# United States District Court

### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JASMINE TEAL | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:24-CV-2877-S |
| CURTIS ST. CLAIR, JR., and CRETE | § | |
| CARRIER CORPORATION d/b/a | § | |
| SHAFFER TRUCKING | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants Curtis St. Clair, Jr. and Crete Carrier Corporation's Brief in Support of Partial Motion for Summary Judgment ("Motion") [ECF No. 66].[1] The Court has reviewed the Motion, Plaintiff Jasmine Teal's Response to the Motion ("Response") [ECF No. 77], Defendants' Specific Objections to Plaintiffs' Summary Judgment Evidence ("Objections") [ECF No. 84], Defendants' Reply to the Response [ECF No. 85], the summary judgment evidence, and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

This suit arises from a motor vehicle collision. Pl.'s First Am. Compl. ("Amended Complaint") [ECF No. 20] ¶ 6. Plaintiff Jasmine Teal alleges that Defendant Curtis St. Clair, Jr., while driving a tractor-trailer owned by Defendant Crete Carrier Corporation d/b/a Shaffer Trucking, made an unsafe lane change and struck her vehicle. *Id.* ¶¶ 7-17. She sued, asserting negligence and gross negligence claims against St. Clair and claims of negligent entrustment, respondeat superior, negligent hiring, negligent training, negligent supervision, and gross negligence against Crete. *Id.* at 5-23.

---

[1] Defendants filed two identical documents with different titles, ECF Nos. 65, 66. The Court construed ECF No. 66 as a motion despite its title. *See* ECF No. 67.

Defendants move for summary judgment on Plaintiff's claims of gross negligence and negligent entrustment, hiring, training, and supervision. *See generally* Mot. Defendants also object to some of the evidence on which Plaintiff relies in her Response. Objs. 1-2.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When the moving party bears the burden of proof on an issue, he "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) pointing out that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[C]onclusory statements, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). The court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is,

when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. ANALYSIS

Defendants seek summary judgment on Plaintiff's claims of gross negligence and negligent entrustment, hiring, training, and supervision. The Court addresses each claim in turn.

### *A. Gross Negligence*

Under Texas law, gross negligence is conduct that "when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others" and "of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.001(11). The Texas Supreme Court describes gross negligence as having both an "objective and a subjective component." *Medina v. Zuniga*, 593 S.W.3d 238, 247 (Tex. 2019). An extreme degree of risk sufficient to establish the objective component is "a threshold significantly higher than the objective 'reasonable person' test for negligence." *Id.* at 249.

Defendants argue that Plaintiff cannot adduce any evidence to prove that either Crete or St. Clair acted with gross negligence. Mot. ¶¶ 16-17. In her response, Plaintiff does not argue in support of the gross negligence claim against St. Clair or identify any evidence to show either that St. Clair's conduct involved an extreme degree of risk or that St. Clair acted with conscious indifference to any such risk. St. Clair is therefore entitled to judgment in his favor on this claim.

Plaintiff's Response purports to provide evidence in support of Plaintiff's gross negligence claim against Crete. The Response attaches excerpts from the deposition testimony of Matthew DiVito, Crete's corporate representative. App. in Support of Resp. ("Plaintiff's Appendix") [ECF

No. 77-1] 1-22.[2] Those excerpts establish that Crete was generally aware that hiring drivers who do not drive defensively could increase the risk of accidents. Pl.'s App. 8:4-7. Those excerpts also establish that Crete was aware that St. Clair had committed four moving violations, one in connection with an accident, between 2010 and the time of the accident. *Id.* at 13:21-14:3.

That evidence is insufficient as a matter of law to establish a claim for gross negligence. "Gross negligence can be supported only by an *extreme* degree of risk, not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Medina*, 593 S.W.3d at 249. "An act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent." *Id.* Plaintiff fails to show that Crete's decision to hire a driver with a handful of driving infractions over the span of more than a decade meets the high threshold for an extreme degree of risk, so the objective component is not satisfied. *See id.* at 249-50 (calling driving at an unsafe speed, failing to stop at the exit from the parking lot, failing to look both ways before exiting, and "cut[ting] the corner" of the sidewalk "common ingredients in a garden-variety car accident" and finding that such conduct was insufficient evidence of the objective component of gross negligence). And Plaintiff does not present evidence of Crete's subjective awareness of any extreme risk. Crete is therefore entitled to judgment as a matter of law on Plaintiff's gross negligence claim.

### B. Negligent Entrustment

To prevail on a claim for negligent entrustment of a motor vehicle under Texas law, a plaintiff must establish five elements: (1) the defendant entrusted the vehicle to the operator; (2) the operator was an unlicensed, incompetent, or reckless driver; (3) at the time of the

---

[2] Defendants object to Plaintiff's use of parts of the DiVito deposition transcript. *See generally* Objs. To the extent that the Court relies on evidence but does not discuss an objection to it, the Court considered both the evidence proffered and objections and overrules those objections. *Accord Balfour Beatty Rail Inc. v. Kansas City S. Ry. Co.*, No. 3:10-cv-1629-L, 2012 WL 3100833, at *20 (N.D. Tex. July 31, 2012).

entrustment, the defendant knew or should have known that the operator was an unlicensed, incompetent, or reckless driver; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the plaintiff's injury. *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016).

Crete argues that it is entitled to judgment in its favor on Plaintiff's claim for negligent entrustment because St. Clair, not Crete, owned the vehicle involved in the collision. Mot. ¶ 5. To support that argument, Crete attaches excerpts from the transcript of St. Clair's deposition in which he testified that, in his work for Crete, he drives a truck that he owns. App. to Mot. ("Defendant's Appendix") [ECF No. 66-1] 13:15-21. Plaintiff does not controvert that evidence; in fact, Plaintiff's Response does not argue in support of the negligent entrustment claim at all. Because St. Clair himself owned the vehicle, Crete did not entrust it to him. *See Redmond v. Clasen*, No. 01-20-00209-CV, 2021 WL 5182879, at *3-4 (Tex. App.—Houston [1st Dist.] Nov. 9, 2021, no pet.) (explaining that a defendant is liable for negligent entrustment only if it owns or has a right to control the vehicle). Plaintiff has not demonstrated a genuine issue of material fact on the first element of her negligent entrustment claim, so Crete is entitled to judgment as a matter of law.

## *C. Negligent Hiring*

The Texas Supreme Court has not articulated the precise elements of a negligent hiring claim. *Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019). But to the extent that Texas law recognizes such a claim, it "requires negligence by two separate parties: the employer's negligence in hiring the employee and the employee's subsequent negligent act or omission." *Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 540 (Tex. 2025). "Both negligent acts must proximately cause the injury." *Id.* Proximate cause "includes two components, cause-in-fact and foreseeability." *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018).

Crete argues that Plaintiff can identify no evidence that it was negligent in hiring St. Clair or that its purported negligence proximately caused Plaintiff's injury. Mot. ¶¶ 10-11. Plaintiff points out evidence that Crete knew that St. Clair had four moving violations and "some non-preventable wrecks" spread out over a 13-year period. Pl.'s App. 19:10-17. But Plaintiff presents no evidence that Crete's decision to hire St. Clair was negligent or that her injuries were the foreseeable result of that decision. *See, e.g., Mireles v. Ashley*, 201 S.W.3d 779, 783-84 (Tex. App.—Amarillo 2006, no pet.) (explaining that one previous traffic violation does not establish a driver's incompetence, but that seven violations over three years or eight violations over five years is some evidence of incompetence); *Freyer v. Lyft, Inc.*, 639 S.W.3d 772, 787 (Tex. App.—Dallas 2021, no pet.) ("A driving record containing listed violations or accidents in which no guilt or fault is indicated is insufficient to show the individual is a habitually reckless or incompetent driver."). Crete is therefore entitled to judgment in its favor on this claim.

### D. Negligent Training and Supervision

The Texas Supreme Court has not recognized negligent training and supervision as independent theories of liability but has noted that "such claims would be subject to the same requirement we have applied to negligent hiring claims"—that is, the requirement that both the employer's negligence and the employee's negligence proximately caused the injury. *Werner Enters.*, 719 S.W.3d at 540.

Crete argues that Plaintiff cannot establish that it had a duty to train or supervise St. Clair on lane changes, that it breached any such duty, or that any purported breach proximately caused Plaintiff's injuries. Mot. ¶¶ 12-13. In support of her negligent training claim, Plaintiff points out DiVito's testimony, which establishes that Crete "expect[s] [its] drivers to know how to operate the equipment, make a safe lane change before they come to work"; that Crete's "training is not intended to teach [drivers] how to drive"; and that, when St. Clair had violations for speeding and

following too closely, Crete required him to participate in a defensive driving course. Pl.'s App. 4:7-9, 17:13-15, 18:9-19. Plaintiff argues that this testimony demonstrates Crete's failure to train St. Clair as required by the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. § 350.101 *et seq.*

Plaintiff points to two of the FMCRs: § 392.1 and § 383.111.[3] Section 392.1 requires that "[e]very motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the rules in this part." Section 383.111 states that "[a]ll [commercial motor-vehicle] operators must have knowledge of the following 20 general areas" and lists among those general areas "proper procedures for performing various basic maneuvers," "principles and procedures for proper communications and the hazards of failure to signal properly," and the like. Plaintiff's evidence does not establish any violation of those regulatory sections, and even if it did, "[t]he mere existence of federal regulations does not establish the standard of care" for negligence claims. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 139 (Tex. 2012). Instead, Plaintiff's evidence establishes that Crete did not train St. Clair in the basics of driving, which it had no duty to do. *See Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (explaining that "an employer has no duty to . . . instruct an employee, who is an experienced driver, with regard to dangers that are ordinarily incident to driving a vehicle and require no special skills or knowledge other than that expected of all licensed drivers"). Plaintiff's evidence also establishes that, when Crete became aware of St. Clair's driving infractions, it required him to participate in defensive driving training. Plaintiff therefore cannot

---

[3] Plaintiff cites "40 C.F.R. 383.111," *see* Resp. 9. No such section exists in the Code of Federal Regulations, so the Court assumes Plaintiff intended to cite 49 C.F.R. § 383.111.

establish that Crete either had a duty to train St. Clair on the conduct that resulted in Plaintiff's injuries or that Crete breached any such duty. Crete is entitled to judgment in its favor on this claim.

In support of her negligent supervision claim, Plaintiff points to DiVito's testimony to the effect that Crete requires some of its drivers to have "drive cams" installed in their trucks, but that St. Clair was not required to use a drive cam. Pl.'s App. 10:21-11:7, 11:15-17. But Plaintiff presents no evidence or argument that Crete's decision not to use a drive cam to observe St. Clair's driving proximately caused the crash. Crete is entitled to summary judgment on this claim, too.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Curtis St. Clair, Jr. and Crete Carrier Corporation's Motion Brief in Support of Partial Motion for Summary Judgment [ECF No. 66], which the Court construes as a motion. Plaintiff Jasmine Teal's claims for gross negligence and negligent hiring, entrustment, training, and supervision are **DISMISSED WITH PREJUDICE**.


**SO ORDERED.**

SIGNED January 12, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

8